UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROUXDEEP SINGH,

                    Petitioner,

        v.

KRISTI NOEM, *et al*.,

                    Respondents.

Case No. C26-819-SKV

ORDER DIRECTING RESPONDENTS TO FILE A REPLY TO PETITIONER'S TRAVERSE

Petitioner Rouxdeep Singh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his current detention is unlawful, and he seeks immediate release from custody or, in the alternative, a bond hearing. *See* Dkt. 1. The specific claim asserted by Petitioner in his petition is that Respondents violated his procedural due process rights when they re-detained him without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his re-detention. *Id.* at 12-13. Petitioner also indicates in his petition, though not in his claim for relief, that he is seeking to challenge a custody determination rendered by an immigration judge ("IJ") following his re-detention on the grounds that the IJ's custody order does not provide a lawful basis for his continued detention. *See id.* at 9-12.

ORDER DIRECTING RESPONDENTS
TO FILE A REPLY TO PETITIONER'S
TRAVERSE - 1

Respondents filed a return to the petition in which they argue that the petition is moot because Petitioner affirmatively requested and was granted pre-conclusion voluntary departure on March 20, 2026, and the IJ granted the request on the explicit condition that Petitioner's detention continue until the fixed departure date of April 20, 2026.  Dkt. 6 at 6.  Respondents note that both parties waived appeal of the IJ's decision and they assert that the IJ's order is therefore final and binding.  *Id*.  Respondents further assert that Petitioner's current custody is no longer the product of the IJ's bond determination or his earlier re-detention but instead flows from the final voluntary departure order he obtained under 8 U.S.C. § 1229c(a) and 8 C.F.R. § 1240.26(b)(3)(i).  *Id*.  Respondents argue that by seeking and accepting the terms of the voluntary departure, Petitioner consented to his current detention.  *Id*.  They further argue that even if the petition is not moot, Petitioner's due process claim fails on the merits.  *See id*. at 7-10.

Petitioner filed a traverse to the return which is largely devoted to arguments concerning his re-detention.  *See* Dkt. 9.  Petitioner does, however, briefly address the issue of mootness, claiming that Respondents' mootness argument "rests entirely on a demonstrably false premise that the underlying removal order is final." *Id*. at 12.  Petitioner asserts that he has not waived his appeal rights and, in fact, filed an appeal of the IJ's decision on March 27, 2026, one day after Respondents submitted their return in this action.  *Id*.  Petitioner maintains that because there is currently an appeal pending before the Board of Immigration Appeals, his voluntary departure order is not final and his detention "remains subject to constitutional due process constraints[.]" *Id*. at 13.

The Court, having reviewed the parties' submissions, concludes that additional briefing is required before this case proceeds to disposition.  The Court begins by noting that this is the second federal habeas petition Petitioner has filed in recent months.  Petitioner filed his first

ORDER DIRECTING RESPONDENTS
TO FILE A REPLY TO PETITIONER'S
TRAVERSE - 2

petition on January 27, 2026, and he asserted therein a claim identical to that presented here, *i.e.*, that his re-detention without adequate process violated his procedural due process rights under the Fifth Amendment. *See Singh v. Noem, et al.*, C26-304-GJL, Dkts. 1, 4. Petitioner's first petition was denied on the merits on February 20, 2026. *See id*., Dkt. 13. The court, in denying Petitioner habeas relief, ruled that "even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." *Id.*, Dkt. 13 at 7. It appears that Petitioner's current petition constitutes a renewed attempt to challenge his re-detention, and an attempt to challenge the IJ's decision to deny discretionary bond. *See* Dkts. 1, 9.

It is unclear, however, whether the Court can properly reach these issues. As noted above, Petitioner represents to the Court that he has filed an appeal of the IJ's order granting his application for pre-conclusion voluntary detention. Dkt. 9 at 12. However, the final page of the IJ's removal order clearly reflects that both the Department of Homeland Security ("DHS") and Petitioner waived appeal. Van Daley Decl., Ex. 3 at 4. The Court observes as well that the regulations governing voluntary departure specifically provide that an IJ may grant such relief prior to the conclusion of removal proceedings only if, among other things, the noncitizen waives appeal of all issues. *See* 8 C.F.R. § 1240.26(b)(1)(i)(D). This begs the question what affect, if any, does Petitioner's recent appeal have on the IJs voluntary departure order.

The exhibits submitted by Respondents raise a secondary question as well. Respondents have provided copies of a DHS Voluntary Departure and Verification of Departure form and an addendum to that form which reflect the IJ's grant of Petitioner's application for voluntary departure, the deadline for such departure, and the condition that Petitioner remain detained

ORDER DIRECTING RESPONDENTS
TO FILE A REPLY TO PETITIONER'S
TRAVERSE - 3

pending departure.  *See* Van Daley Decl., Ex. 4.  However, neither of the forms provided to the Court was signed by Petitioner and it is unclear what conclusions might reasonably be drawn from the absence of properly executed forms.

Given the need for additional clarity on the issues discussed above, the Court deems it appropriate to obtain a reply brief from Respondents addressing these issues.  Accordingly, the Court hereby ORDERS as follows:

(1)    Respondents shall file a reply brief, not later than ***April 17, 2026***, addressing Petitioner's representations regarding the filing of an appeal of the IJ's order granting his application for voluntary departure, and explaining what effect, if any, the appeal has on the IJ's order.  Respondents shall also clarify whether Petitioner has, in fact, signed the voluntary departure forms and has been made fully aware of the conditions of his voluntary departure.  If Petitioner has not yet executed those forms, Respondents shall explain what effect, if any, that has on Petitioner's anticipated voluntary departure and his ongoing detention.

(2)    Respondents' return (Dkt. 6) is RE-NOTED on the Court's calendar for consideration on ***April 17, 2026***.

(3)    The Clerk shall send copies of this Order to all counsel of record.

DATED this 6th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING RESPONDENTS
TO FILE A REPLY TO PETITIONER'S
TRAVERSE - 4