UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROUXDEEP SINGH,

                Petitioner,

    v.

MARKWAYNE MULLIN, *et al.*,

                Respondents.

Case No. C26-819-SKV

ORDER TO SHOW CAUSE

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Rouxdeep Singh filed this action on March 11, 2026, while confined at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Petitioner asserted in his petition that Respondents violated his procedural due process rights when they re-detained him without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his re-detention. *See* Dkt. 1. He further asserted that a custody order issued by an immigration judge ("IJ") following his re-detention did not provide a lawful basis for his continued detention. *See id.* Petitioner requested as relief that he be released from custody or, in the alternative, that he be granted a bond hearing. *See id.*

On March 26, 2026, Respondents filed a return to the petition in which they argued that the petition is moot because Petitioner affirmatively requested and was granted pre-conclusion

ORDER TO SHOW CAUSE - 1

voluntary departure on March 20, 2026, and the IJ granted the request on the explicit condition that Petitioner's detention continue until the fixed departure date of April 20, 2026.  Dkt. 6 at 6. Respondents asserted that both parties waived appeal of the IJ's decision at the time voluntary departure was granted, and that the IJ's order thus became final and binding.  *Id.*

Petitioner filed a traverse to the return on March 31, 2026, in which he disputed Respondents' contention that he had waived his appeal rights, claiming that he filed an appeal of the IJ's decision on March 27, 2026, one day after Respondents submitted their return in this action.  Dkt. 9.  Petitioner argued that because there is currently an appeal pending before the Board of Immigration Appeals ("BIA"), his voluntary departure order is not final and his detention "remains subject to constitutional due process constraints[.]"  *Id.* at 13.

On April 6, 2026, the Court directed Respondents to file a reply brief addressing what affect, if any, Petitioner's appeal had on the IJ's voluntary departure order.  Dkt. 10. Respondents filed their reply on April 17, 2026, and argued therein that Petitioner's filing of an appeal to the BIA did not undo (1) the prior waiver of appeal, (2) Petitioner's consent to the condition of continued detention, or (3) the finality of the order granting voluntary departure. *See* Dkt. 11 at 3-6.  Respondents further argued that Petitioner's petition remains moot and that the appeal did not stay the voluntary departure deadline.

Respondents also asserted in their reply that if Petitioner failed to voluntarily depart by April 20, 2026, the date established by the IJ when Petitioner's request for voluntary departure was granted, the grant of voluntary departure would automatically convert to a final order of removal and detention authority would then shift to 8 U.S.C. § 1231(a).  Under § 1231(a), the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period" which begins to run on the date the removal order becomes administratively

ORDER TO SHOW CAUSE - 2

final.  8 U.S.C. §§ 1231(a)(1)(A), (a)(1)(B)(i), (a)(2).

A check of ICE's Online Detainee Locator System indicates that Petitioner remains confined at NWIPC, suggesting that he did not depart by the deadline established by the IJ.  *See* https://locator.ice.gov/odls/#/search (last accessed May 4, 2026).  If this is so, it appears likely Petitioner is now subject to mandatory detention under § 1231(a), which would render the instant action moot as Petitioner seeks relief here in the form of release from confinement or a bond hearing.  The same would be true if Petitioner departed as previously order as there would no longer be a case or controversy for this Court to resolve.

Accordingly, the Court hereby ORDERS as follows:

(1)	Petitioner shall SHOW CAUSE not later than *May 15, 2026*, why this federal habeas action should not be dismissed as moot.

(2)	Respondents' return (Dkt. 6) is RE-NOTED on the Court's calendar for consideration on *May 15, 2026*.

(3)	The Clerk shall send copies of this Order to all counsel of record.

DATED this 4th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3