UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROUXDEEP SINGH,

                              Petitioner,

        v.

MARKWAYNE MULLIN, *et al.*,

                              Respondents.

Case No. C26-819-SKV

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Rouxdeep Singh is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody or, in the alternative, a constitutionally adequate bond hearing. Dkt. 1. Respondents filed a return (Dkt. 6), together with the supporting declarations of Deportation Officer ("DO") Joseph Carnevale (Dkt. 7), and Respondents' counsel Lawrence Van Daley (Dkt. 8). Petitioner filed a traverse in response to Respondents' return (Dkt. 9), and Respondents, at the Court's direction, filed a reply to Petitioner's traverse (Dkt. 11) together with a supporting declaration from Mr. Van Daley (Dkt. 12). In addition, Petitioner recently filed a response to an Order directing him to show cause why this action should not be dismissed as moot (*see* Dkts. 13, 14), and the briefing is now complete.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

The Court, having reviewed the parties' submissions, and the governing law, DENIES Petitioner's federal habeas petition.

## I.       BACKGROUND

### A.       Factual Background

Petitioner is a native and citizen of India who entered the United States near Lukeville, Arizona on March 2, 2023, without inspection by an immigration officer.  *See* Dkt. 1 at 5; Dkt. 7, ¶¶ 3, 4; Dkt. 8, Ex. 1.  Petitioner was thereafter apprehended by U.S. Customs and Border Patrol ("CBP"), and on March 3, 2023, CBP served Petitioner with a Notice to Appear ("NTA") charging him with being removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  *See* Dkt. 7, ¶ 5; Dkt. 8, Ex. 1.  ICE released Petitioner on an Order of Release on Recognizance on March 4, 2023.  Dkt. 1 at 5, ¶ 22.

On November 6, 2026, during a field operation conducted by ICE Enforcement and Removal Operations ("ERO"), Petitioner was re-detained at his workplace in Washougal, Washington pursuant to an I-200, Warrant for Arrest of Alien.  *See* Dkt. 1 at 5, ¶ 23; Dkt. 7, ¶ 6; Dkt. 8, Ex. 2 at 2.  At the time of his arrest, Petitioner had a pending immigration court date of September 13, 2028.  Van Daley Decl. I, Ex. 2 at 2.

On December 21, 2025, Petitioner filed a bond redetermination request with the Tacoma immigration court.  Dkt. 7, ¶ 7.  An immigration judge ("IJ") heard Petitioner's request on January 6, 2026, and found the court had no jurisdiction to set bond.  *Id.*, ¶ 8.  The IJ ruled in the alternative that if the court had jurisdiction, it would deny bond based on Petitioner being a flight risk.  *Id*.  Petitioner reserved appeal on the bond issue.

On March 20, 2026, Petitioner had an individual calendar hearing before an IJ during which he requested pre-conclusion voluntary departure under INA § 240B(a), 8 U.S.C. §

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

1229c(a). Dkt. 7, ¶ 9. The IJ granted the request and ordered Petitioner to depart the United States by April 20, 2026. *Id.*; Dkt. 8, Ex. 3. The IJ's order indicated that Petitioner was found removable, that his applications for relief from removal had been withdrawn with prejudice, and that both parties had waived appeal. *Id.* The order also advised that failure to depart by the required date would result in an alternate order of removal to India taking effect immediately, and that voluntary departure was granted "under safeguards," which apparently included continued detention pending departure. *See id.*, Exs. 3, 4[1]; Dkt. 6 at 3; Dkt. 11 at 3.

On March 27, 2026, after Respondents filed their return in this action, Petitioner filed a notice of appeal of the IJ's voluntary departure order with the Board of Immigration Appeals ("BIA"), despite having previously waived appeal. *See* Dkt. 12, Ex. 5. Petitioner identified the following three errors in his notice of appeal: (1) the IJ violated his due process rights; (2) the IJ erred by failing to advise him of his due process rights while granting voluntary departure; and (3) the IJ erred by failing to explain to an unrepresented noncitizen the consequences of accepting voluntary departure. *Id*. at 4. As of May 11, 2026, Petitioner remained confined at NWIPC, and his appeal remained pending. Dkt. 14.

## B.   Procedural Background

Petitioner filed the instant action March 11, 2026. *See* Dkt. 1. Petitioner asserted in his petition that Respondents violated his procedural due process rights when they re-detained him without providing written notice and a meaningful opportunity to be heard by a neutral

---

[1] The documents contained in Exhibit 4 to Mr. Van Daley's original declaration are copies of a Department of Homeland Security ("DHS") Voluntary Departure and Verification of Departure form and an addendum to that form which reflect the IJ's grant of Petitioner's application for voluntary departure, the deadline for such departure, and the condition that Petitioner remain detained pending departure. *See* Dkt. 8, Ex. 4. However, neither of the forms was signed by Petitioner and, though the Court asked Respondents to clarify whether Petitioner had, in fact, signed the forms, Respondents failed to do so. *See* Dkts 10, 11.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

decisionmaker prior to his re-detention. *See* Dkt. 1. He further asserted that a custody order issued by an IJ following his re-detention did not provide a lawful basis for his continued detention. *See id*. Petitioner requested as relief that he be released from custody or, in the alternative, that he be granted a bond hearing.[2] *See id*.

On March 26, 2026, Respondents filed a return to the petition in which they argued that the petition is moot because Petitioner affirmatively requested and was granted pre-conclusion voluntary departure on March 20, 2026, and the IJ granted the request on the explicit condition that Petitioner's detention continue until the fixed departure date of April 20, 2026. Dkt. 6 at 6. Respondents asserted that because both parties waived appeal of the IJ's decision at the time voluntary departure was granted, the IJ's order became immediately final and binding. *Id.*

Petitioner filed a traverse to the return on March 31, 2026, in which he disputed Respondents' contention that he waived his appeal rights, claiming that he filed an appeal of the IJ's decision on March 27, 2026. Dkt. 9. Petitioner argued that because there is currently an appeal pending before the BIA, his voluntary departure order is not final and his detention "remains subject to constitutional due process constraints[.]" *Id.* at 13.

On April 6, 2026, the Court directed Respondents to file a reply brief addressing what affect, if any, Petitioner's appeal had on the IJ's voluntary departure order. Dkt. 10. Respondents filed their reply on April 17, 2026, and argued therein that Petitioner's filing of an

---

[2] This is the second federal habeas petition Petitioner has filed in recent months. Petitioner filed his first petition on January 27, 2026, and he asserted therein a claim identical to that presented here, *i.e.*, that his re-detention without adequate process violated his procedural due process rights under the Fifth Amendment. *See Singh v. Noem, et al.*, C26-304-GJL, Dkts. 1, 4. Petitioner's first petition was denied on the merits on February 20, 2026. *See id.*, Dkt. 13. The Court, in denying Petitioner habeas relief, ruled that "even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." *Id.*, Dkt. 13 at 7.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 4

appeal to the BIA did not undo (1) the prior waiver of appeal, (2) Petitioner's consent to the condition of continued detention, or (3) the finality of the order granting voluntary departure. *See* Dkt. 11 at 3-6.  Respondents further argued that Petitioner's petition remains moot and that the appeal did not stay the voluntary departure deadline.  *See id.*

Respondents also asserted in their reply that if Petitioner failed to voluntarily depart by April 20, 2026, the date designated by the IJ when Petitioner's request for voluntary departure was granted, the grant of voluntary departure would automatically convert to a final order of removal and detention authority would then shift to 8 U.S.C. § 1231(a).  Dkt. 11 at 6.

On May 4, 2026, the Court issued an Order directing Petitioner to show cause why this action should not be dismissed as moot in light of the fact that his voluntary departure deadline had passed and that it therefore appeared he was subject to mandatory detention under § 1231(a).  Dkt. 13.  Petitioner filed a response to the Order to Show Cause on May 11, 2026.  Dkt. 14.  Petitioner argues therein that this action is not moot because he remains detained, and the Court retains the ability to provide meaningful habeas relief in the form of release from custody or a constitutionally adequate custody determination.  *See id.* at 2-3.  He also offers various arguments regarding the effect of his appeal on the voluntary departure order.  *See id.* at 3-7.  The Court will further discuss those arguments, as necessary, below.

## II.   DISCUSSION

### A.   Legal Standards

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5

treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## B.    Analysis

Whether or not Petitioner is entitled to relief in this federal habeas action is dependent upon the source of ICE's *current* detention authority.  At the time Petitioner filed his federal habeas petition on March 11, 2026, he was in ICE custody and deemed to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[3]  *See* Dkt. 6 at 3-5.

On March 20, 2026, Petitioner requested and was granted pre-conclusion voluntary departure under 8 U.S.C. § 1229c(a).  DHS is authorized to attach to a grant of voluntary departure "any conditions it deems necessary to ensure the [noncitizen's] timely departure from the United States, including . . . continued detention pending departure, and removal under safeguards."  8 C.F.R. § 240.25(b).  Similarly, immigration judges, when granting voluntary departure, are authorized to impose conditions deemed necessary to ensure the noncitizen's timely departure, including continued detention.  8 C.F.R. § 1240.26(b)(3)(i); *see also Matter of M-A-S-*, 24 I. & N. Dec. 762 (2009).  Here, Petitioner was granted voluntary departure "under safeguards," meaning his detention was to continue until he departed the United States.  *See* Dkt. 8, Ex. 3 at 2.  Under the express terms of the voluntary departure order, Petitioner was to depart the United States by April 20, 2026.  Dkt. 8, Ex. 3 at 2.  The order also made clear that failure of Petitioner to depart within the specified time period would subject him to a monetary penalty and would cause "the alternate order of removal [to] automatically take effect."  *Id.*, Ex. 3 at 2-3. The record thus establishes that from March 20, 2026, until April 20, 2026, Petitioner was

---

[3] Petitioner maintains that his detention was governed by 8 U.S.C. § 1226(a) (*see* Dkt. 9 at 2-5), but the Court need not resolve that issue here.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 6

detained pursuant to the IJ's voluntary departure order, with the expectation that he would depart during that period.

Petitioner did not depart by April 20, 2026, at which point the order of removal took effect. Pursuant to 8 U.S.C. § 1231(a), the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period" which begins to run on the date the removal order becomes administratively final. 8 U.S.C. §§ 1231(a)(1)(A), (a)(1)(B)(i), (a)(2). The record makes clear that Petitioner waived appeal at his March 20, 2026, hearing before the IJ and, thus, the IJ's decision became final on that date.[4] 8 C.F.R. § 1003.39. Because the IJ's order of removal is now in effect, and because that order is final, Petitioner's current detention is governed by § 1231(a). And, as 90-days have not yet elapsed since the order became final, Petitioner is subject to mandatory detention.

Petitioner, in his recently filed response to the Court's Order to Show Cause, disputes the proposition that the voluntary departure order is administratively final, noting that he has filed an appeal with the BIA which "challenges the validity of the waiver and [the] voluntary departure process itself," and is currently pending. Dkt. 14 at 3. Petitioner argues that "[b]ecause the validity and finality of the voluntary departure order remain actively disputed before the BIA, Respondents have not established that § 1231(a) clearly governs Petitioner's current detention." *See id.* at 5-6. Unfortunately, Petitioner's arguments regarding the effects of his pending appeal on his voluntary departure order are not supported by citation to any relevant caselaw, statutes, or regulations.

---

[4] Where, as here, a noncitizen requests pre-conclusion voluntary dismissal, the immigration judge may grant the request only if, among other conditions, the noncitizen "[w]aives appeal of all issues." 8 C.F.R. §§ 1240.26(b)(i)(D). The voluntary removal order entered in Petitioner's case reflects that, consistent with the regulatory requirement, he waived appeal at the time of his hearing before the immigration judge. *See* Dkt. 8, Ex. 3 at 4.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 7

And there is reason to conclude that, in fact, Petitioner's appeal has no impact on his voluntary departure order, at least at present.  As explained above Petitioner waived appeal and his voluntary departure order is therefore final.  8 C.F.R. § 1003.39.  Related regulations expressly provide that a notice of appeal "may not be filed by any party who has waived appeal pursuant to § 1003.39," 8 C.F.R. § 1003.3(a)(1), and that an appeal to the BIA may be summarily dismissed if it is "barred by an affirmative wavier of the right of appeal that is clear on the record."  8 C.F.R. § 1003.1(d)(2)(i)(G).  It thus appears that the fact that Petitioner filed a notice of appeal does not guarantee the appeal will go forward.  Moreover, even assuming the appeal is potentially viable, Petitioner offers no authority to support the proposition that, under the circumstances presented here, the mere filing of the notice of appeal affects the validity or finality of the removal order.  As the burden is on Petitioner to demonstrate an entitlement to federal habeas relief and as he has not satisfied that burden, his petition must be denied.

### III.   CONCLUSION

Based on the foregoing, this Court DENIES Petitioner's petition for writ of habeas corpus (Dkt. 1) and DISMISSES this action.

DATED this 8th day of June, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 8